IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGRID YADIRA AMARANTO GONZALEZ, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>DIRECTOR OF U.S. CITIZENSHIP AND IMMIGRATION SERVICES,,<br><br>        Defendant. | Case No.  24-cv-07948-MMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO STRIKE OR, IN THE ALTERNATIVE, OBJECTION TO REPLY EVIDENCE; AFFORDING PLAINTIFFS LEAVE TO FILE LIMITED SURREPLY; FURTHER DEFERRING RULING ON DEFENDANT'S MOTION TO DISMISS** |

Before the Court are two motions:  (1) plaintiffs' "Motion to Strike or in the Alternative Objection to Reply Evidence," filed February 14, 2025; and (2) defendant's "Motion to Dismiss for Improper Joinder and Motion to Stay Proceedings," filed January 21, 2025.  Having read and considered the parties' respective written submissions in support of and in opposition to the above-referenced motions, the Court rules as follows: [1]

1.  Plaintiffs' motion to strike is hereby DENIED for the reasons stated below:

    a.  To the extent plaintiffs seek to strike the reply filed in support of defendant's motion to dismiss (hereinafter, "initial reply"), on the ground the initial reply is unsigned, the motion to strike is moot in light of defendant's having filed, with leave of court, an amended, signed reply.

    b.  To the extent plaintiffs object to the language "same counsel" on page 10, line 3, in the initial reply, as well as to the sentence beginning with "If Plaintiffs" on page 11, lines 8 through 10, in the initial reply, the motion is moot in light of defendant's

---

[1] By order filed March 26, 2025, the Court advised the parties it would take the two referenced motions under submission as of April 2, 2025.

1    having removed the challenge language from the amended reply.

2          c. To the extent plaintiffs object to the statement made in the initial reply on
3    page 9, line 8, namely that plaintiffs' counsel has filed, on behalf of some of the plaintiffs
4    in the instant case, "multiple and duplicative lawsuits," which language also is included in
5    the amended reply, the objection is overruled. Although plaintiffs assert said description
6    of the referenced lawsuits is "untrue" (see Pls. Mot. to 4:5), a basis for such statement
7    exists. In particular, as defendant sets forth in its motion to dismiss, a comparison can be
8    made as to claims asserted in the instant action with claims made in earlier lawsuits filed
9    by a number of the plaintiffs in the instant action, and plaintiffs acknowledge those prior
10   lawsuits and the instant action are "similar" (see Pls.' Response to Mot. to Dismiss at
11   Opp. at 10:7).

12         d. Lastly, to the extent plaintiffs object to what they characterize as "new
13   factual averments being raised for the first time in the reply" (see Pls.' Mot. to Strike at
14   3:27), namely, "facts about the BFD process" set forth on pages 5 and 6 in the initial
15   reply, which statements also are included in the amended reply, the objection is
16   overruled. Although it is questionable whether the challenged statements constitute
17   improper new argument, the Court, given the possible importance of the details of the
18   BFD process to resolution of the motion to dismiss, hereby affords plaintiffs leave to file,
19   no later than April 18, 2025, a surreply of no more than 3 pages in length and limited to a
20   response to the arguments set forth in the amended reply on page 5, line 3, through page
21   6, line 18.

22     2. The Court hereby DEFERS ruling on defendant's motion to dismiss until April
23   18, 2025, as of which date, unless the parties are otherwise advised, the Court will take
24   the motion under submission.

25   **IT IS SO ORDERED.**

27   Dated: April 3, 2024

MAXINE M. CHESNEY
United States District Judge