IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGRID YADIRA AMARANTO GONZALEZ, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>DIRECTOR OF U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>        Defendant. | Case No. 24-cv-07948-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER JOINDER; DISMISSING WITHOUT PREJUDICE CLAIMS OF PLAINTIFFS OTHER THAN INGRID YADIRA AMARANTO GONZALEZ; DIRECTIONS TO DEFENDANT** |

Before the Court is defendant Director of U.S. Citizenship and Immigration Services' (hereinafter, "USCIS") "Motion to Dismiss for Improper Joinder," filed January 21, 2025. Plaintiffs, comprising 106 individuals,[1] have filed opposition, to which USCIS has replied, and plaintiffs, with leave of court, have filed a surreply. The Court, having read and considered the papers filed in support of and in opposition to the motion, rules as follows.[2]

Plaintiffs allege they are citizens of other countries who reside in the United States. According to plaintiffs, 57 of them, to whom they refer as "Principal Applicants," were "victims of serious crimes" and seek issuance of a "U nonimmigration visa," which is available in limited number to individuals who "a law enforcement agency" has certified it "needs" to be present in the United States "to assist in [the agency's] investigations and

---

[1] Although only 104 individuals are listed as plaintiffs in the caption of the First Amended Complaint ("FAC"), two additional individuals are included as plaintiffs in the FAC's numbered paragraphs. (See FAC ¶¶ 46-47.)

[2] By order filed April 3, 2025, the Court advised the parties that the motion would be taken under submission as of April 18, 2025, unless the parties were otherwise advised.

1   prosecutions." (See FAC ¶¶ 120-21, 124, 149 (emphasis omitted).) According to

2   plaintiffs, a law enforcement agency has "completed" such a certification on behalf of

3   each Principal Applicant, each of whom, in turn, has "filed a Form I-918," i.e., a "U status

4   petition," as well as a "Form I-765 application for work authorization." (See FAC ¶¶ 151-

5   52.) Plaintiffs allege that each of the remaining 49 plaintiffs is a "qualifying relative" of a

6   Principal Applicant, that any Principal Applicant with a qualifying relative has filed a "Form

7   I-918A" on behalf of the relative, and that each qualifying relative has filed his/her own

8   application for work authorization. (See FAC ¶¶ 153-54.) Plaintiffs further allege that, at

9   least as of December 4, 2024, the date on which the FAC was filed, USCIS had not

10  "taken any action" on plaintiffs' respective applications. (See FAC ¶ 156.)[3] As relief,

11  plaintiffs seek an order directing USCIS to "issue BFDs in 21 days" and to "issue BFD

12  EADs within 14 days of any BFD Approvals." (See FAC ¶¶ 307-08.)[4]

13  By the instant motion, USCIS seeks dismissal without prejudice of the claims

14  asserted on behalf of all plaintiffs other than the first-named plaintiff, on grounds of

15  misjoinder.

16  Under Rule 20 of the Federal Rules of Civil Procedure, "[p]ersons may join in one

17  action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the

18  alternative with respect to or arising out of the same transaction, occurrence, or series of

19  transactions or occurrences; and (B) any question of law or fact common to all plaintiffs

---

[3] In the FAC, plaintiffs explain that the first step USCIS takes when reviewing "U status" applications is to determine whether to make a "Bona Fide Determination" ("BFD"), which determination, if made, allows USCIS to provide "work authorizations" by issuing "BFD Employment Authorization Documents" ("EADs"). (See FAC ¶¶ 130, 132, 162); see also 8 U.S.C. § 1184(p)(6) (providing USCIS "may grant work authorization to any alien who has a pending, bona fide application for [U status]"). As plaintiffs further explain, a BFD also affords the applicant "deferred action," i.e., "protection from physical removal from the United States." (See FAC ¶ 139.)

[4] In the event "the new administration rescinds the bona fide policy memo," in other words, if USCIS no longer makes BFDs, plaintiffs alternatively seek an order requiring USCIS to make "waiting list decisions." (See FAC at 3:8-9.) Neither party has indicated, however, that the "bona fide policy memo" has been rescinded or is otherwise not in effect.

2

will arise in the action." See Fed. R. Civ. P. 20(a)(1).  Although, as provided by Rule 21, "[m]isjoinder of parties is not a ground for dismissing an action," a "court may at any time, on just terms, add or drop a party."  See Fed. R. Civ. P. 21.

In Coughlin v. Rogers, 130 F.3d 1348 (9th Cir. 1997), the Ninth Circuit addressed the interplay of Rules 20 and 21 in the context of an action wherein multiple plaintiffs had filed a single lawsuit seeking an order requiring the government to issue rulings on their respective pending immigration-related applications.  See id. at 1351-52.  In particular, the Ninth Circuit affirmed an order severing the claims of all plaintiffs except the first-named plaintiff, see id., explaining that "the mere allegation of general delay is not enough to create a common transaction or occurrence," as each plaintiff "ha[d] waited a different length of time, suffering a different duration of alleged delay," and that, "most importantly, there may be numerous reasons for the alleged delay," see id. at 1350.

In the instant case, although plaintiffs allege that "USCIS has intentionally, systematically, and unreasonably delayed adjudication of their immigration benefit requests" (see FAC ¶ 113), such conclusory allegation is insufficient to meet the first requirement of Rule 20.  As in Coughlin, plaintiffs have been waiting for different periods of time.  (See FAC ¶ 159 (setting forth in chart format waiting times ranging from as little as 6 months to as long as 83 months).)  Additionally, it is readily apparent that "there may be numerous reasons for the alleged delay," see Coughlin, 130 F.3d at 1350; see also FAC ¶¶ 135-36 (alleging USCIS, in considering whether applicant is entitled to BFD, is required to make individualized determinations, including whether applicant "present[s] national security concerns" or has "committed violent or dangerous crimes"; further alleging USCIS has discretion to consider "other relevant factors").

Moreover, the Court's review of USCIS's policy manual, to which both parties cite, and, in particular, the section thereof specific to the agency's "Bona Fide Determination Process" see www.uscis.gov/policy-manual/volume-3-part-c-chapter-5, confirms that individualized findings must be made as to each applicant, and, further, that there may be numerous reasons for delay associated with any particular applicant.  First, the policy

3

requires USCIS to make findings specific to each applicant, see id. §§ A-C, with some requiring considerable research, see, e.g., id. § C.1 (stating "USCIS relies on a variety of databases that collect information from law enforcement agencies and other federal, state, local, and tribal agencies, including information regarding arrests and convictions"). Additionally, as to "family members" seeking work authorization, who, in the instant case, comprise 49 of the named plaintiffs, USCIS is required to make a finding that each such applicant has submitted "credible evidence of the qualifying family relationship." See id. § A.2.

Under such circumstances, plaintiffs have not, and cannot, establish the first requirement of Rule 20, namely that "the right to relief" asserted by all 106 plaintiffs in the above-titled action arises out of or relates to "the same transaction or occurrence, or series of transactions or occurrences." See Coughlin, 130 F.3d at 1351. Consequently, the Court finds plaintiffs have not been properly joined.[5]

As noted, Rule 21 provides that, in the event of misjoinder, although a court may not dismiss the action, "the court may at any time, on just terms, add or drop a party." See Fed. R. Civ. P. 21. Here, as also noted, USCIS seeks an order dismissing the claims of all plaintiffs other than the first-named plaintiff, a form of relief the Ninth Circuit has approved in cases in which a group of plaintiffs are not properly joined. See Coughlin, 130 F.3d at 1351-52; see also Visendi v. Bank of America, N.A., 733 F.3d 863, 870-71 (9th Cir. 2013) (finding district court correctly determined group of plaintiffs were improperly joined in one action; directing district court "to dismiss without prejudice the claims of all [p]laintiffs but the first named [p]laintiff").

Lastly, the Court considers whether to dismiss the improperly joined plaintiffs without prejudice to refiling in any appropriate district of their choice or, instead, to sever

---

[5] In light of such finding, the Court does not address herein the second requirement of Rule 20, namely, "a question of law or fact common to all parties," see id., other than to note the FAC lacks any factual support for plaintiffs' conclusory allegation that "the adjudication delays associated with their immigration benefit requests are unreasonable" (see FAC ¶ 114).

4

those plaintiffs, which would allow them to proceed in the Northern District of California in separate cases. "[D]istrict courts who dismiss rather than sever must conduct a prejudice analysis," including considering whether dismissal would result in the "loss of otherwise timely claims if new suits are blocked by statutes of limitations." See Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015) (internal quotation and citation omitted). Here, plaintiffs do not argue that any of their claims, if refiled, would be barred by a statute of limitations. Rather, plaintiffs argue, if their claims are dismissed without prejudice to refiling, the resolution of their claims against USCIS will be delayed, which delay, in turn, could cause them to "be detained and physically removed," as well as cause them to incur various collateral consequences of lacking work authorization. (See Pls.' Response at 11:12-24.)

There is no suggestion in the record, however, that USCIS will cease processing plaintiffs' respective applications until USCIS is served with a new complaint. Moreover, USCIS represents that, as of March 28, 2025, almost a third of the plaintiffs "have been granted the relief they seek." (See Def.'s Amended Reply at 11:7-8 (stating USCIS "has identified 30 [p]laintiffs" as to whom USCIS has made a ruling).) Plaintiffs have not disputed such statement, and, consequently, the Court finds none of those plaintiffs will need to refile. Additionally, it would in large part be futile to sever the improperly joined plaintiffs and allow them to proceed in the Northern District of California, given that the vast majority do not reside in this district, none contend the alleged processing delays have any connection to this district, and the Director of USCIS does not reside in this district.[6] See 28 U.S.C. § 1391(e) (providing action against federal officer can only be brought in district where plaintiff resides, where a substantial part of events or omissions giving rise to claim occurred, or where defendant resides).

---

[6] The Director of USCIS resides in Maryland. See Sadasivan v. Emmel, 2023 WL 4187445, at *4 (E.D. Cal. June 26, 2023) (finding, for purposes of determining venue for lawsuit seeking to compel USCIS to rule on pending application, named USCIS officers resided in Maryland, where USCIS is located).

Accordingly, USCIS's motion will be granted.

## CONCLUSION

For the reasons stated above, UCSIS's motion to dismiss for improper joinder is hereby GRANTED, and the claims of all plaintiffs other than Ingrid Yadira Amaranto Gonzalez are hereby DISMISSED without prejudice.

Lastly, USCIS is hereby DIRECTED to file, no later than fourteen days from the date of this order, its response to the FAC, namely, its response to Ingrid Yadira Amaranto Gonzalez's claims. In the interim, the briefing stay on plaintiffs' motion for summary judgment remains in place.

**IT IS SO ORDERED.**

Dated:  April 29, 2025

MAXINE M. CHESNEY
United States District Judge